**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**OLUWAFEMI PHILIP ADEOSUN,**

**Plaintiff,**

**v.** **Case No. 24-CV-389-SCD**

**JOSEPH NANTOMAH,**
**INVESTORS CAPITAL LLC,** and
**GLOBAL INVESTORS CAPITAL LLC,**

**Defendants.**

---

**ORDER GRANTING PLAINTIFF'S MOTION**
**FOR DAMAGES AND ENTRY OF JUDGMENT**

---

In 2023, Oluwafemi Philip Adeosun invested $125,000 with Joseph Nantomah and his investment companies, Investors Capital LLC and Global Investors Capital LLC. *See* Adeosun Decl. ¶¶ 2–17, ECF No. 45. The money was to be used solely for fixing and flipping a specific investment property, and Nantomah guaranteed high returns in just a few months. *Id.* ¶¶ 8–9, 14–15. After Nantomah failed to make any payments by the agreed-upon deadlines, *see id.* ¶¶ 18–21, 36–37, Adeosun sued him and his LLCs in federal court, asserting claims for breach of contract, civil theft, deceptive trade practices, the sale of an unregistered security under Wisconsin law, a misstatement or omission in the sale of a security, the sale of unregistered securities under federal law, and federal securities fraud, *see* Compl., ECF No. 1. The matter was randomly assigned to this court, and all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 5 & 6.

In November 2025, I granted in part and denied in part Adeosun's motion for summary judgment on all but one of his claims. I specifically found that Adeosun was entitled

to summary judgment on his breach of contract claim against Investors Capital LLC and Global Investors Capital LLC, his civil theft claim, his deceptive trade practices claim, his state unregistered security claim, and his state securities fraud claim. However, I determined that Adeosun was not entitled to summary judgment on his breach of contract claim against Nantomah personally or his federal unregistered securities claim. *See* Decision & Order, ECF No. 34.

Adeosun now moves for an award of damages and entry of final judgment consistent with the summary-judgment ruling. He seeks a single, non-duplicative judgment awarding the full relief supported by that ruling. According to Adeosun, the strongest basis for that judgment is Wisconsin's civil theft statute, Wis. Stat. § 895.446. He also points to the court's favorable rulings on his breach of contract claims against Investors Capital and Global Investors Capital and his state securities fraud claims against all defendants. Adeosun requests a total award of $500,000—$125,000 in actual damages on his civil theft claims and $375,000 in exemplary damages—plus interest, attorney fees, and costs. *See* Pl.'s Mot., ECF No. 44. The defendants have not responded to Adeosun's motion and have largely been silent in this action.

If liability is established, "a damages hearing is unnecessary when 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Domanus v. Lewicki*, 742 F.3d 290, 304 (7th Cir. 2014) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)); *FTC v. Febre*, 128 F.3d 530, 536–37 (7th Cir. 1997) (finding no abuse of discretion where district court determined damages at summary judgment and "without the benefit of a hearing"). Here, Adeosun seeks statutory damages under Wisconsin's civil theft

statute. A civil plaintiff who prevails under that statute may recover: (a) "Actual damages, including the retail or replacement value of damaged, used, or lost property, whichever is greater"; (b) "All costs of investigation and litigation that were reasonably incurred, including the value of the time spent by any employee or agent of the victim"; and (c) "Exemplary damages of not more than 3 times the amount awarded under par. (a)." Wis. Stat. § 895.446(3); *see also Estate of Miller v. Storey*, 2017 WI 99, ¶ 49, 903 N.W.2d 759, 771 ("[W]e conclude that attorney fees are included within the meaning of 'costs of investigation and litigation' under Wis. Stat. § 895.446(3)(b)."). "No additional proof is required . . . for an award of exemplary damages under [paragraph (c)]." Wis. Stat. § 895.446(3)(c).

"[E]xemplary damages are not automatically awarded under § 895.446(3) to a plaintiff who has met each of the elements of his . . . claim under sub. (1), nor are the damages necessarily trebled." *Hookstead v. Beal*, No. 2020AP895, 2021 WL 3412911, 2021 Wisc. App. LEXIS 411, at *30 (Wis. Ct. App. Aug. 5, 2021) (citing *Estate of Miller*, 2017 WI 99, ¶ 69, 903 N.W.2d at 776). Rather, deciding "whether to actually award exemplary damages and, if so, in what amount" is a matter "within the discretion of the trier of fact." *Estate of Miller*, 2017 WI 99, ¶ 69, 903 N.W.2d at 777 (citations omitted). In exercising that discretion, the trier of fact must make "a reasonable inquiry and examination of the facts to reach a reasonable conclusion." *In re Stangel*, 593 B.R. 607, 616 (Bankr. E.D. Wis. 2018) (quoting *Stathus v. Horst*, 2003 WI App 28, ¶ 5, 659 N.W.2d 165, 167). "Additionally, because '[e]xemplary damages are synonymous with punitive damages,' it is appropriate to consider whether such damages are necessary here to serve the punitive purposes of punishment and deterrence." *Id.* at 617 (quoting *Estate of Miller*, 2017 WI 99, ¶ 69 n.32, 903 N.W.2d at 776 n.32).

Adeosun has established that he is entitled to actual damages in the amount of $125,000 on his civil theft claims. His declaration demonstrates that is the amount he invested in the defendants' house-flipping ventures. *See* Adeosun Decl. ¶ 11 ($80,000 for the first investment), 16 ($45,000 for the second investment). And the undisputed facts establish that the defendants intentionally retained possession of that money without Adeosun's consent, that the defendants knew that their retention of the money was without Adeosun's consent, and that the defendants intended to convert that money to their own use. Awarding the amount of the full unpaid investments is the only way to make Adeosun whole.

I further find that the full extent of exemplary damages—$375,000—is appropriate in this case. The defendants' conduct was egregious and calculated to defraud. Nantomah held himself out as an experienced real estate investor on social media, posting clips of luxury cars, large homes, and lavish vacations, and promised quick returns with little risk. He also promised that Adeosun's investments would be used only for a specific purpose. And when Adeosun demanded that he pay up, Nantomah simply made excuses and hasn't paid back even a dime. Moreover, I am aware from other cases pending in this district—including several before me—that Adeosun was not Nantomah's only victim. Far from it. The undisputed evidence shows that Nantomah engaged in a pattern of behavior where he duped numerous individuals into investing large sums of money in his house-flipping ventures, never used any of those funds to flip any actual properties, and instead kept the money to fund his own personal lifestyle and unrelated ventures. His conduct appears intentional and deserves to be punished. Given the scale of Nantomah's misconduct, tripling Adeosun's actual damages is necessary to punish Nantomah and (hopefully) deter him and others from similar conduct; treble damages are also proportionate to Nantomah's wrongdoing. *See Kimble v. Land Concepts,*

*Inc.*, 2014 WI 21, ¶¶ 43–47, 845 N.W.2d 395, 406–07 (explaining the purposes of punitive damages and listing factors courts consider in determining whether a punitive damages award is constitutionally excessive).

Accordingly, for all the foregoing reasons, the court **GRANTS** the plaintiff's motion for damages and entry of judgment, ECF No. 44. The clerk of court shall enter judgment in favor of the plaintiff against all three defendants, jointly and severally, in the total amount of $500,000 ($125,000 in actual damages plus $375,000 in exemplary damages), plus interest at the rate of 5% on $80,000 running from June 12, 2023, to the date of judgment and 5% on $45,000 running from September 29, 2023, to the date of judgment. Any fee petition and supporting documentation must be filed within twenty-one days of this order. Finally, the court dismisses the remaining claims upon which liability has not been established.

**SO ORDERED** this 15th day of September, 2026.

Stephen C. Dries

STEPHEN C. DRIES
United States Magistrate Judge